JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
One Stop Fresh Deli, LLC

### DEFENDANTS
United States

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hae Yeon Baik, Esq.
The Baik Law Firm, P.C.
1100 Vine Street, Unit C-8
Philadelphia, PA 19107
Tel: 215-232-5000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | | 863 DIWC/DIWW (405(g)) | |
| | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. 2023

Brief description of cause:
De Novo appeal of 12/23/2021 Final Agency Decision of USDA on SNAP violations

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 01/08/2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Hae Yeon Baik

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __One Stop Fresh Deli, LLC, 4832 Baltimore Avenue, Philadelphia, PA 19143__

Address of Defendant: __U.S. Dep't of Agriculture, Food & Nutrition Service, 620 SW Main St., Rm 403, Portland, OR 97205__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   PA ID: 71693
                   *Must sign here*
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __SNAP Administrative Appeal__

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __HAE YEON BAIK, ESQ.__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __01/08/2022__   /s/ Hae Yeon Baik   PA ID: 71693
                       *Sign here if applicable*
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONE STOP FRESH DELI, LLC, | : |
| *Plaintiff* | : |
| | : **CIVIL ACTION NO.:**_____ |
| v. | : |
| UNITED STATES, | : |
| *Defendant* | : |

## COMPLAINT

Plaintiff, ONE STOP FRESH DELI, LLC, by and through its undersigned counsel, Hae Yeon Baik, Esquire, hereby files this Complaint against the Defendant, the UNITED STATES, and in support thereof, avers the following:

## INTRODUCTION

1. This matter involves the appeal of the December 13, 2021 Final Agency Decision by the United States Department of Agriculture (USDA), Food and Nutrition Services (FNS), in the administrative action *One Stop Fresh Deli LLC v. Retailer Operations Division*, Case No. C0229884.

2. A true and correct copy of said Final Agency Decision, with cover letter, is appended hereto as Exhibit "A" and is incorporated into the within Complaint.

3. The Final Agency Decision affirmed the Initial Decision of the Retailer Operations Division and imposed a six-month period of disqualification of the Plaintiff-business from participating as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

4. Plaintiff hereby appeals the Final Agency Decision by way of the within Complaint and requests a judicial review of same.

## PARTIES

5. Plaintiff, ONE STOP FRESH DELI, LLC (hereinafter, "Plaintiff"), is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered principal place of business address of 4832 Baltimore Avenue, Philadelphia, Philadelphia County, Pennsylvania 19143.

6. The owner of the Plaintiff-business is Chong Yeun Yu.

7. Defendant, the UNITED STATES, is a governmental entity named in this action in accordance with the appeal instructions of the December 13, 2021 Final Agency Decision, which cites 7 U.S.C. § 2023 and 7 C.F.R. § 279.7 as the authority to name this party as a defendant.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to Section 14 of the Food and Nutrition Act of 2008, as amended (codified as 7 U.S.C. § 2023), and 7 C.F.R. § 279.7.

9. Venue in the United States District Court for the Eastern District of Pennsylvania, located in Philadelphia, Pennsylvania, is proper pursuant to 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a).

## GENERAL ALLEGATIONS

10. All preceding paragraphs are incorporated herein by reference as if the same were set forth at length fully herein.

11.     Plaintiff, a convenience store, was initially authorized by the USDA Food and Nutrition Service (hereinafter, "USDA") to participate in SNAP on July 7, 2016.

12.     As part of a compliance investigation, the USDA, through its Retailer Operations Division, conducted four (4) visits at the Plaintiff-store during the period June 5, 2020 through June 12, 2020.

13.     The resulting report from the USDA investigation identified SNAP violations during each of the four visits. Specifically, the Retailer Operations Division charged Plaintiff with having accepted SNAP benefits in exchange for products not covered under SNAP, in violation of 7 C.F.R. § 278.2(a).

14.     In response to the adverse investigation results, Plaintiff requested that hardship civil money penalty pursuant to 7 C.F.R. § 278.6(f)(1), in lieu of an anticipated suspension from participating in SNAP.

15.     The basis for such request was the lack of SNAP-participating grocery stores in the general area, and that many SNAP consumers would have to travel far by foot – during the COVID-19 pandemic – in the event that Plaintiff would no longer be able to participate in SNAP.

16.     On April 20, 2021, the USDA rejected the request for a hardship civil money penalty and instead disqualified Plaintiff from participating in SNAP for a period of six (6) months, pursuant to 7 C.F.R. § 278.6(a).

17.     On April 23, 2021, Plaintiff requested an administrative review of the April 20th decision.

18. On December 23, 2021, the USDA issued its Final Agency Decision, affirming the imposition of Plaintiff's six-month disqualification from SNAP and affirmed the rejection of a civil money penalty in lieu of disqualification.

## COUNT I

## VACATION OF ADMINISTRATIVE DISQUALIFICATION FROM SNAP

19. All preceding paragraphs are incorporated herein by reference as if the same were set forth at length fully herein.

20. At all times relevant prior to the December 23, 2021 Final Agency Decision by the USDA (Case No. C0229884), Plaintiff was a participant in SNAP.

21. Prior to the USDA's four investigative visits in 2020, Plaintiff did not have a record of any SNAP violations or SNAP violation warnings.

22. The USDA's investigative conclusion that Plaintiff engaged in accepting SNAP in exchange for ineligible products – which formed the basis for the USDA's Final Agency Decision are unsupported, arbitrary, and/or capricious.

23. As a result of these improper findings, the USDA's erroneous Final Agency Decision imposed a disqualification of Plaintiff from SNAP for a period of six (6) months.

24. In the alternative, any investigative findings by the USDA within its Final Agency Decision that *were* supported by competent evidence constituted a *de minimis* violation and thus does not warrant the invocation of penalties under 7 C.F.R. § 278.6 as a matter of law.

WHEREFORE, Plaintiff, ONE STOP FRESH DELI, LLC, respectfully requests that this Honorable Court enter an Order:

A. Reversing the December 23, 2021 Final Agency Decision of the UDSA Food and Nutrition Service;

B. Vacating the six-month disqualification of Plaintiff from participating the Supplemental Nutrition Assistance Program (SNAP), and declaring that Plaintiff may continue participation in SNAP without the need for re-application to the program;

C. Attorney's fees and costs of suit; and

D. For such other additional or alternative relief that this Court deems just and proper.

## COUNT II

## IMPOSITION OF A CIVIL MONEY PENALTY IN LIEU OF ADMINISTRATIVE DISQUALIFICATION FROM SNAP

25. All preceding paragraphs are incorporated herein by reference as if the same were set forth at length fully herein.

26. Plaintiff-business is located in an urban area of Philadelphia, Pennsylvania where the area's residents are predominantly working class and 40% senior citizens.

27. A significant portion of these individuals participate in SNAP.

28. A significant portion of these individuals do not have and/or cannot afford regular transportation, resulting in walking as the only mode of transportation.

29. Disqualifying Plaintiff from participating in SNAP endangers these individuals (1) as a matter of health due to the ongoing COVID-19 pandemic at all times relevant (and continuing); and (2) as a matter of public safety with remarkable crime on the streets in the vicinity of Plaintiff-business.

30. Any grocery stores near Plaintiff that participate in SNAP are not sufficiently "in the area" of Plaintiff, especially given the concerns set forth in the previous Paragraph.

31. Any grocery stores near Plaintiff that participate in SNAP do not provide the same staple foods at comparable prices. Moreover, the USDA failed to supply evidence in its Final Agency Decision in support of the proposition that nearby grocery stores sold staple foods at comparable prices.

32. The USDA's failure to consider and/or appreciate these aforementioned concerns was arbitrary and capricious in nature, and said failure resulted in the rejection of a civil money penalty in lieu of disqualification from participating in SNAP, as permitted under 7 C.F.R. § 278.6(f)(1).

WHEREFORE, Plaintiff, ONE STOP FRESH DELI, LLC, respectfully requests that this Honorable Court enter an Order:

A. Reversing the December 23, 2021 Final Agency Decision of the UDSA Food and Nutrition Service;

B. Vacating the six-month disqualification of Plaintiff from participating the Supplemental Nutrition Assistance Program (SNAP), and declaring that Plaintiff may continue participation in SNAP without the need for re-application to the program;

C. Attorney's fees and costs of suit; and

D. For such other additional or alternative relief that this Court deems just and proper.

                              Respectfully submitted,

01/08/2022
Date

/s/ Hae Yeon Baik
Hae Yeon Baik, Esquire
THE BAIK LAW FIRM, P.C.
PA Attorney ID No. 71693
1100 Vine Street, Unit C-8
Philadelphia, PA 19107
PHONE: (215) 232-5000
FAX: (215) 232-3394
EMAIL:
haeyeon.baik@baikandassociates.com

*Attorney for Plaintiff,*
*One Stop Fresh Deli, LLC*

EXHIBIT "A"

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review Branch

| | |
|---|---|
| **One Stop Fresh Deli LLC,**<br>Appellant,<br><br>V.<br><br>**Retailer Operations Division,**<br>Respondent. | Case Number: C0229884 |

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support a six-month disqualification of One Stop Fresh Deli LLC (hereinafter Appellant), from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) as initially imposed by the Retailer Operations Division.

## ISSUE

The issue accepted for review is whether the Retailer Operations Division took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278 in its administration of the SNAP, when it imposed a six-month disqualification against Appellant.

## AUTHORITY

7 U.S.C. § 2023 and the implementing regulations at 7 CFR § 279.1 provides that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA conducted an investigation of the compliance of One Stop Fresh Deli LLC, with Federal SNAP law and regulations from June 5, 2020 through June 12, 2020. In a letter dated November 6, 2020, Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a). These SNAP violations occurred on four (4) out of four (4) compliance visits. The letter further informed the Appellant that the violations warranted a disqualification period of six months as provided in 7 CFR § 278.6(e)(5).

1

In a facsimile dated November 13, 2020 and correspondence dated November 12, 2020, Appellant, through counsel, responded to the charge letter and requested that it be able to pay a fine to have the violations removed without the store being suspended. In subsequent correspondence dated November 19, 2020, Appellant, through counsel, also stated that being barred from participating in the SNAP program will cause great hardship to the neighborhood. Appellant gave a list of retailers and the distance they are from its store and again asked that a fine be imposed against the store in lieu of disqualification.

After reviewing the evidence of the case and the Appellant's response, through counsel, Retailer Operations Division issued a determination letter dated April 20, 2021. The determination letter informed the Appellant it was disqualified from the SNAP for a period of six months in accordance with 7 CFR § 278.6(a) and (e). The determination letter also stated that Retailer Operations Division considered Appellant's eligibility for a hardship CMP under 7 CFR § 278.6(f)(1). Retailer Operations Division determined that the Appellant was not eligible for the hardship CMP in lieu of the six-month disqualification because there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices.

In a letter dated April 23, 2021, Appellant, through counsel, requested an administrative review of the Retailer Operations Division's determination. The appeal was accepted, and the implementation of the six-month disqualification was held in abeyance pending completion of this review.

## STANDARD OF REVIEW

In appeals of adverse actions, an appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means an appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW

The controlling statute in this matter is contained in the Food & Nutrition Act of 2008, as amended, 7 U.S.C. § 2021, and promulgated through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e) establish the authority upon which a period of disqualification may be imposed against a retail food store or wholesale food concern.

7 CFR § 278.2(a) states, inter alia: "Coupons may be accepted by an authorized retail food store only from eligible households…. Only in exchange for eligible food"

7 CFR § 271.2 states, inter alia: "Eligible food means: Any food or food product intended for human consumption except alcoholic beverages, tobacco and hot food and hot food products prepared for immediate consumption"

2

7 CFR § 278.6(a) states, inter alia: "FNS may disqualify any authorized retail food store… if the firm fails to comply with the Food and Nutrition Act of 1977, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations…"

7 CFR § 278.6(e)(5) states, inter alia: "Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management."

7 CFR § 278.6(f)(1) states, inter alia: "FNS may impose a civil money penalty as a sanction in lieu of when… the firm's disqualification would cause hardship to Food Stamp [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."

## APPELLANT'S CONTENTIONS

The Appellant, through counsel, made the following summarized contentions in its request for administrative review, in relevant part:

1. We respectfully request a review of the determination made by the USDA to disqualify our client from the SNAP program for six months.
2. Our client's store is located in a working class predominantly African American neighborhood with about 40 percent of the population being senior citizens. Many of these seniors do not have card, and therefore they must walk to buy their groceries.
3. It is essential that there be grocery stores within a reasonable walking distance3 that offer the SNAP program.

The preceding may represent only a brief summary of the Appellant's contentions presented in this matter. Please be assured, however, in reaching a decision, full attention was given to all contentions presented, including any not specifically recapitulated or specifically referenced herein.

## ANALYSIS AND FINDINGS

FNS initially authorized One Stop Fresh Deli LLC as a convenience store on July 7, 2016. During an investigation from June 5, 2020 through June 12, 2020, the USDA conducted four (4) compliance visits at Appellant's store. A report of the investigation was provided to the Appellant as an attachment to the charge letter dated November 6, 2020. The investigation report included Exhibits A through D, which provide full details on the results of each compliance visit. The investigation report documents that SNAP violations were committed during four (4) of the four (4) compliance visits. They involved the sale of one (1) 35 count package of 10 ounce Everyday bowls, two (2) 2 count boxes of Reynolds oven bags turkey size, one (1) 20 count package of 16 ounce Sunset brands red party cups, one (1) 51 piece package of Daily Ware fiesta time forks, one (1) 80 count package of Vanity Fair everyday design collection napkins, one (1) 80 count box of Glad Force Flex leak protection trash bags, one (1)

35 count container of Clorox disinfecting wipes crisp lemon, and one (1) 192 ounce jug of Xtra Oxi Clean stain fighter detergent . The clerks refused the exchange of an undisclosed amount of SNAP benefits for cash in Exhibit D.

With regard to Appellant's contentions, through counsel, it is important to note that as owner of the store, Appellant is liable for all volatile transactions handled by either paid or unpaid store personnel. Regardless of whom the ownership of a store may utilize to handle store business, ownership is accountable for the proper handling of SNAP benefit transactions. To allow store ownership to disclaim accountability for the acts of persons whom the ownership chooses to utilize to handle store business would render virtually meaningless the enforcement provisions of the Food Stamp Act and the enforcement efforts of the USDA. Additionally, a record of participation in SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges.

It is recognized that some degree of economic hardship is a likely consequence whenever a store is disqualified from participation in SNAP. However, there is no provision in the SNAP regulations for waiver or reduction of an administrative penalty assessment on the basis of possible economic hardship to the firm resulting from imposition of such penalty. To allow store ownership from being excused from assessed administrative penalties based on purported economic hardship to the firm would render virtually meaningless the enforcement provisions of the Food and Nutrition Act of 2008, as amended, and the enforcement efforts of the USDA.

Moreover, giving special consideration to economic hardship to the firm would forsake fairness and equity, not only to competing stores and other participating retailers who are complying fully with program regulations, but also to those retailers who have been disqualified from the program in the past for similar violations. Therefore, Appellant's contention that the firm may incur economic hardship based on the assessment of an administrative penalty does not provide any valid basis for dismissing the charges or for mitigating the penalty imposed.

Furthermore, it is important to clarify for the record that the purpose of this review is to determine if the earlier decision of the Retailer Operations Division, to disqualify Appellant from participation in the SNAP for a period of six months, was in fact a correct one. It is not within the scope of this review to consider what subsequent actions Appellant may have taken so that its store may begin to comply with program requirements.

It is important to note that a record of participation in SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges. There is no provision in the Act, regulations, or agency policy that reverses or reduces a sanction based upon a lack of prior violations by a firm and its owners, managers and/or employees.

Based on a review of the evidence in this case, there is no question that program violations did occur. A Clerk working at Appellant sold common ineligible items to an FNS investigator on four (4) separate investigative visits. The investigative record is specific and accurate with regard to the dates of the violations, the exchange of SNAP benefits for ineligible items, and in

all other critically pertinent detail. As such, the contentions presented do not constitute valid grounds for dismissal of the current charges of violations, or for mitigating the impact of those charges. Based on a review of the evidence in this case, it appears that the SNAP violations at issue did, occur as charged.

## CIVIL MONEY PENALTY

Appellant, through counsel, requested that a CMP in lieu of disqualification. Retailer Operations Division considered Appellant's eligibility for a hardship CMP under 7 CFR §278.6(f)(1). It must be noted that the SNAP regulations do not define hardship as inconvenience or lack of "comparable accommodations," but rather simply as the lack of an "authorized retail food store in the area selling as large a variety of staple food items at comparable prices."

The Agency further clarifies the regulations by defining "in the area" to mean within a one-mile radius in urban areas and within a three-mile driving distance in rural areas. Philadelphia, Pennsylvania is designated by the U.S. Census Bureau as "urban." Therefore, Retailer Operations Division correctly determined that the Appellant was not eligible for the hardship CMP in lieu of the six-month disqualification because there were at least 92 authorized retailers within a one-mile radius of Appellant including at least 33 small grocery stores, six (6) medium grocery stores, three (3) large grocery stores, six (6) supermarkets, two (2) superstores and a number of additional convenience stores, and all are selling as large a variety of staple foods at comparable prices.

## CONCLUSION

The documentation presented by Retailer Operations Division provides through a preponderance of the evidence that the violations as reported occurred at the Appellant firm. 7 CFR § 278.6(e)(5) specifies that FNS shall "disqualify the firm for six months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

The violations were determined by Retailer Operations Division to represent the first sanction for the firm and evidence carelessness and poor supervision. Therefore, the imposition of a six-month disqualification, the least severe penalty allowed by regulation, is appropriate.

It is therefore established that the violations as described in the letter of charges did in fact occur at the Appellant firm warranting a disqualification of six months in accordance with 7 CFR § 278.6(e)(5). Based on the discussion herein, the decision to impose a six-month disqualification against One Stop Fresh Deli LLC is appropriate and the action is sustained.

In accordance with the Act and regulations, the six-month period of disqualification shall become effective thirty (30) days after receipt of this letter. The Appellant may submit a new application for SNAP participation ten (10) days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Your attention is called to Section 14 of the Food and Nutrition Act of 2008, as amended, (7 U.S.C. § 2023) and to Title 7, Code of Federal Regulations, Part 279.7 (7 CFR § 279.7) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act (FOIA), we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.


Monique Brooks                                          December 13, 2021
ADMINISTRATIVE REVIEW OFFICER